```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 07-21935-CIV-HUCK
                           MAGISTRATE JUDGE P. A. WHITE
ROY AGELOFF,                    :

     Plaintiff,                 :

v.                              :    REPORT ON MOTION FOR
                                     TRO OR PRELIMINARY INJUNCTION
JORGE PASTRANA, et al.,         :

     Defendants.                :
_____
```

This is a <u>pro se</u> civil rights suit pursuant to 42 U.S.C. §1983. The plaintiff paid the filing fee.

The plaintiff has filed a motion to compel authorities at John Polk Correctional Facility to allow him access to the law library (DE#19), construed as a motion for preliminary injunction.

The plaintiff seeks an Order of this Court to compel a "Non-Party", the John Polk Correctional Facility, to permit him to evade the rules of the facility . This type of relief is an extraordinary remedy. The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. Such relief is an extraordinary remedy. <u>See</u> <u>California v. American Stores Company, et al.</u>, 492 U.S. 1301 (1989); <u>Johnson v. U.S. Dept. of Agriculture</u>, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the

injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

The plaintiff does not state a <u>prima facie</u> case for preliminary injunctive relief.  The plaintiff has not adequately shown any indication of <u>immediate</u>, <u>irreparable</u> harm.

Further, review of this motion reveals that it does not state a prima facie case for preliminary injunctive relief pursuant to <u>Johnson v. United States Department of Agriculture</u>, 734 F.2d 774 (11 Cir. 1984), and cases cited therein.  The plaintiff has been recently transferred to John Polk Correctional Facility and states that since he was placed on Writ of Habeas Corpus Ad Testificandum on March 8, 2008, he has been denied access to the law library. The plaintiff states that he has provided the Facility with grievances, but has not received an answer. The plaintiff appears to be describing a temporary situation, in which access to the library is being denied for a specific reason.

It is therefore recommended that this motion be denied without prejudice. (DE#19) The plaintiff may renew his motion at a later date if he continues to be denied <u>all</u> access to the library, and shall include any exhibits he has relevant to his motion.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

DONE AND ORDERED at Miami, Florida, this 30th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

2

cc: Roy Ageloff, <u>Pro Se</u>
    Reg #57431-053
    John C. Polk Facility
    Address of Record

    John White, Esq.
    AUSA of record