```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 07-21935-CIV-HUCK
                                    MAGISTRATE JUDGE P. A. WHITE
ROY AGELOFF,                   :

     Plaintiff,                :

v.                             :         REPORT OF
                                         MAGISTRATE JUDGE
JORGE PASTRANA, et al.,        :

     Defendants.               :
_____
```

This is a pro se civil rights suit pursuant to 42 U.S.C. §1983. The plaintiff has paid the full filing fee.

On June 6, 2008 the plaintiff has filed a second motion to direct authorities at the John E. Polk Correctional Facility to allow him access to the law library [DE# 22] which is virtually identical to the prior motion [DE# 19] filed on May 22, 2008 which was construed as a motion for preliminary injunction.

The plaintiff seeks an Order of this Court to compel the non-party John Polk Correctional Facility to permit him to evade the rules of the facility. This type of relief is an extraordinary remedy. The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. Such relief is an extraordinary remedy. See California v. American Stores Company, et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer

irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

The plaintiff does not state a <u>prima facie</u> case for preliminary injunctive relief. The plaintiff has not adequately shown any indication of <u>immediate</u>, <u>irreparable</u> harm.

Further, review of this motion reveals that it does not state a <u>prima facie</u> case for preliminary injunctive relief pursuant to <u>Johnson v. United States Department of Agriculture</u>, 734 F.2d 774 (11 Cir. 1984), and cases cited therein. The plaintiff has been recently transferred to John Polk Correctional Facility and states that since he was placed on Writ of Habeas Corpus Ad Testificandum on March 8, 2008, he has been denied access to the law library. The plaintiff states that he has provided the Facility with grievances, but has not yet received an answer. The plaintiff appears to be describing a temporary situation, in which access to the library is being denied for a specific reason.

It is therefore recommended that this motion [DE# 22] be denied without prejudice. The plaintiff is reminded that he may renew his motion at a later date if he continues to be denied <u>all</u> access to the library, and shall include any exhibits he has relevant to his motion.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Roy Ageloff, Pro Se
     Reg. No. 57431-053
     Polk Correctional Facility
     211 Bush Boulevard
     Sanford, FL 32773

     Charles S. White, Esq.
     United States Attorney's Office
     Suite 300
     99 N.E. 4th Street
     Miami, FL 33132